## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

|  |  |  |
|---|---|---|
| **ELIZABETH BUSH,** | } | |
| **Plaintiff,** | } | |
| **v.** | } | **Case No.:  1:25-cv-02039-RDP** |
| **FRANK BISIGNANO, Commissioner of Social Security,** | } | |
| **Defendant.** | } | |

### MEMORANDUM OF DECISION

Plaintiff Elizabeth Bush filed this action, with the assistance of counsel, seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income. (Doc. # 1). After careful review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

## I.    Proceedings Below

Plaintiff's application was filed on August 29, 2022 alleging disability beginning July 16, 2022. (Tr. 38). The alleged onset date of disability was later amended to the protective filing date of August 29, 2022. (*Id.*). The claim was denied initially and upon reconsideration. (Tr. 103-106, 109-112). Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and the hearing was conducted on January 15, 2025. (Tr. 36-70).

On February 11, 2025, following the hearing, the ALJ issued a decision unfavorable to Plaintiff. (Tr. 10-21). On October 9. 2025, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). On November 26, 2025, Plaintiff filed her Complaint for review of the

Commissioner's decision. (Doc. # 1). Plaintiff filed her initial brief in support of her Complaint on February 25, 2026. (Doc. # 9). The Commissioner's responsive brief was filed on March 20, 2026. (Doc. # 10). Plaintiff did not file a reply brief.

## II.     ALJ Decision

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as activity that is both "substantial" and "gainful." *Id.* § 1572. "Substantial" work activity is work that involves doing significant physical or mental activities. *Id.* § 404.1572(a). "Gainful" work activity is work that is done for pay or profit. *Id.* § 404.1572(b). If the ALJ finds that the claimant engages in activity that meets both of this criteria, then the claimant cannot claim disability. *Id.* § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities. *Id.* § 404.1520(a)(4)(ii). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See id.* §§ 404.1520(d), 404.1525, and 404.1526.  If such criteria are met, the claimant is declared disabled. *Id.* § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work. *Id.* §

2

404.1520(a)(4)(iv). If the claimant is determined to be capable of performing past relevant work, then the claimant is deemed not disabled. *Id.* If the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the fifth and final step. *Id.* § 404.1520(a)(4)(v). In the last part of the analysis, the ALJ must determine whether the claimant is able to perform any other work commensurate with her RFC, age, education, and work experience. *Id.* § 404.1520(g). Here, the burden of proof shifts from the claimant to the ALJ to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given her RFC, age, education, and work experience. *Id.* §§ 404.1520(g), 404.1560(c).

Plaintiff was born on August 2, 1996. She was 26 years old as of her application date, and is presently 29 years old. (Tr. 185, 211, 335). Plaintiff alleged disability due to learning disability and a lack of maturity. (Tr. 215). She completed high school, but evidence regarding whether she received special education services is inconsistent. (Tr. 72, 216 (responding "no" to whether she received special education), 341, 353, 357). Plaintiff listed the physical or mental conditions that limit her ability to work as: (1) 26YO with mentality of 11YO; (2) doesn't take instructions well; (3) hard to keep job thinks she's insurance risk; (4) maturity is not where it should be; and (5) can't comprehend what she reads. (Tr. 215).

In a June 2024 activity report, Plaintiff reported she had no problems with personal care, did not need special reminders, and was able to shop in stores. (Tr. 270-72). At the hearing before the Administrative Law Judge, Plaintiff testified that she has a valid driver's license and can drive. (Tr. 43). She testified that she likes to play video games and plays Fortnite, an online game that is played with other people. (Tr. 44, 48, 57-58). She smokes one to two packs of cigarettes a day. (Tr. 44-45, 362). She testified that she can cook a meal in the microwave. (Tr. 46, 57). If given a grocery list, she testified that she could take the list, drive to the store, purchase the items on the

3

list and return home. (Tr. 46). She can do dishes, and can "put [c]lothes in the washer, put them in the dryer, fold them and put them away[.]" (Tr. 47). She can make her bed, vacuum, take out the garbage, and mow the grass. (Tr. 47). She has a cell phone and can access the internet and text. (Tr. 47-48). She used to play a friend's X-box. (Tr. 48). She spends the day watching television or watching "lives" on TikTok and YouTube. (Tr. 49. She testified that she can add and subtract "for the most part." (Tr. 51).

Plaintiff testified that she feels the main reason she cannot work is her difficulty interacting with others or, as she put it, her anger issues. (Tr. 39-41, 51).

Plaintiff previously worked at Maxx Packaging where she lifted boxes and prepared crates for shipping. (Tr. 250). At that job she lifted 50 pounds or more and was able to use machines, tools, and equipment. *Id*. She also previously worked at Subway making sandwiches and bread, washed dishes, and cleaned up the lobby. (Tr. 251). Further, she worked at Dollar Tree as a cashier and restocked shelves. (Tr. 252).

At the hearing before the ALJ, a Vocational Expert, Dr. Stephen Cosgrove,[1] appeared. (Tr. 59-68). He testified that someone of Plaintiff's age, education, and past work experience, restricted to the ALJ's hypothetical of light exertion jobs with no more than simple, short instructions, simple work-related decisions, and only occasional interactions with the general public, supervisors and co-workers, could perform three light, SVP level 2 jobs: (1) routing clerk (42,000 positions nationwide), (2) small product assembler (12,000 positions nationwide, and (3) office helper (13,800 positions nationwide). (Tr. 63). The ALJ found Dr. Cosgrove's expert testimony sufficient to support a determination in this case. (Tr. 66).

---

[1] Plaintiff's counsel stipulated to the Vocational Expert's qualifications and had no objection to him testifying. (Tr. 59).

After reviewing all of the evidence and testimony, the ALJ concluded Plaintiff was not disabled. (Tr. 10-21). The ALJ determined Plaintiff had severe impairments, including intellectual disorder. (Tr. 13). The ALJ found that Plaintiff's impairments, whether considered singly or in combination, did not satisfy the criteria of any listed impairment, specifically finding Plaintiff only had moderate limitations in the four broad areas of mental functioning. (Tr. 13-15). The ALJ determined Plaintiff had the mental residual functional capacity to perform jobs with no more than simple and short instructions, with limited decision making, few workplace changes, only occasional interpersonal interactions, and no reading, writing reports, or performing math calculations. (Tr. 15-19). Given this residual functional capacity and based on the testimony from a vocational expert, the ALJ determined that Plaintiff could perform a significant number of jobs in the national economy. (Tr. 19- 21, 61-68). Accordingly, the ALJ determined Plaintiff was not disabled. (Tr. 21).

### III.  Plaintiff's Argument for Remand or Reversal

Plaintiff argues that the ALJ's step three finding is contradicted by the evidence of record and is not supported by substantial evidence. More specifically, Plaintiff asserts that the ALJ made the following errors in denying her claim:

1. The ALJ erred in finding that she had only moderate limitations in remembering, understanding, and carrying out instructions; a moderate limitation in interacting with others; a moderate limitation in concentrating, persisting, and maintaining pace; and a moderate limitation in adapting or managing oneself. (Doc. # 9 at 6 (citing TR. 13-14)).

2. The ALJ failed to evaluate her claim under listing 12.05B, which requires that a claimant demonstrate significantly subaverage general intellectual functioning evidenced by either a full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence, or a full scale (or comparable) score of 71 to 75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence. (*Id*. at 7 (citing (Tr. 13-15)).

(Doc. # 9 at 6-18).

5

## IV.    Standard of Review

The scope of judicial review of a denial of Social Security benefits by the Commissioner is very limited. The only issues before this court are (1) whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and (2) whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See Id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Mitchell v. Comm'r of Soc. Sec*., 771 F.3d 780, 782 (11th Cir. 2014) ("a "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner.") (cleaned up).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if contrary evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529; *Crawford v. Comm'r of Soc. Sec*., 363 F.3d 1155, 1158-59 (11th Cir. 2004); *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

**V.      Discussion**

After careful review, the court concludes Plaintiff's arguments are without merit.

**A.      The Finding that Plaintiff Has Only Moderate Limitations Is Supported By Substantial Evidence**

The ALJ found that Plaintiff had only moderate limitations in remembering, understanding, and carrying out instructions; a moderate limitation in interacting with others; a moderate limitation in concentrating, persisting, and maintaining pace; and a moderate limitation in adapting or managing oneself. (Tr. 13-14). The ALJ pointed to substantial evidence in the record supporting this finding, including Plaintiff's consultative examinations, Plaintiff's education records, Plaintiff's daily activities, and the prior administrative medical findings of the state agency psychological experts. (Tr. 13-15). All of those sources supported finding Plaintiff only had moderate limitations – not marked or extreme limitations – in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (Tr. 13-15).

The ALJ explained that Plaintiff's two consultative examinations displayed uneven performance, such as performing serial 7s from 100 without difficulty during one examination but only being able to perform the first two serial 7s in the other. (Tr. 13, 341, 354). The ALJ further noted that Plaintiff was able to recall objects after 10 minutes, perform addition, had appropriate affect and adequate eye contact, and could follow basic but not advanced instructions. (Tr. 13-14, 341, 354, 361). The ALJ also detailed the activities Plaintiff testified she undertakes. (Tr. 13-14). For example, the ALJ noted that Plaintiff testified she was able to drive, cook, perform household chores, and was independent in self-care. (Tr. 13-14, 43-48, 270-72). Plaintiff also demonstrated the cognitive ability to play interactive video games such as Fortnite, shop in stores, and she does not need special reminders. (Tr. 43-48, 270-72).

The ALJ further supported his findings by discussing the prior administrative medical finding of Linda Duke, Ph.D., and Virginia Lee Bare, Ph.D., and determining those findings were persuasive. (Tr. 18, 78-81, 88-93). Drs. Duke and Bare independently reviewed Plaintiffs file. Both found that Plaintiff had only demonstrated moderate limitations in the four areas of functioning, and that therefore she did not meet the criteria for Listing 12.05 (Tr. 78-81, 88-93).

Plaintiff's argument for reversal is primarily that there was other, contrary evidence in the record that supported the idea that she had more extreme limitations that those found by the ALJ. (Doc. 9 at 9-20). But here, the ALJ evaluated that contrary evidence and found it to be unpersuasive. (Tr. 18, 357-58). For example, the ALJ specifically addressed Dr. Hart's opinion in light of his discussion of the other evidence and found the opinion was not consistent with that evidence. (Tr. 18).

Regardless of any other contrary evidence discussed by Plaintiff, the ALJ's decision is supported by substantial evidence in the record, and the court is prohibited from re-weighing that evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (court may not "decide facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner.").

**B.     Plaintiff Has Failed to Show the ALJ Committed Any Legal Error**

Plaintiff asserts that the ALJ committed legal error but that argument fails. First, state agency medical consultants "are highly qualified medical sources who are also experts in the evaluation of medical issues in disability claims under the Act." 20 C.F.R. § 416.920c; SSR 17-2p, 2017 WL 3928306 (S.S.A. Mar. 27, 2017). Thus, it was not error to credit these consultants' opinions. Further, a claimant's activities similar to Plaintiff's—including light yard work, driving, and independently performing all his activities of personal care and daily living—have been held

to support a finding claimant did not have sufficient deficits in adaptive functioning. *O'Neal v. Comm'r of Soc. Sec.*, 614 F. App'x 456, 459-60 (11th Cir. 2015); *see also Hickel v. Comm'r of Soc. Sec.*, 539 F. App'x 980, 984-85 (11th 2013) (holding that evidence of a claimant's ability to drive, prepare simple meals, dress and groom herself, and socialize with friends supported a finding that the claimant did not have the required level of deficits in adaptive functioning); *Harris v. Comm'r of Soc. Sec.*, 330 F. App'x 813, 815 (11th 2009) (holding claimant's ability to dress and bathe himself, take care of his personal needs, manage money, read, communicate effectively, and do simple math provided substantial evidence claimant did not have deficits in adaptive functioning); *Garrett v. Astrue*, 244 F. App'x 937, 939 (11th Cir. 2007) (concluding claimant's ability to cook simple meals, perform chores, build model cars, attend church, watch television, play cards, and walk in the mall supported finding claimant did not have the required limitations in adaptive functioning).

As to Plaintiff's argument that the ALJ failed to evaluate her claim under listing 12.05B, and her emphasis on her IQ testing scores, "'a valid I.Q. score need not be conclusive of mental retardation where the I.Q. score is inconsistent with other evidence in the record on the claimant's daily activities and behavior.'" *Hickel*, 539 F. App'x at 983–84 (quoting *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir.1992)). In her brief, Plaintiff conceded as much. (Doc. # 9 at 8) (to meet listing 12.05B, "the specified test scores must be accompanied by *significant* deficits in adaptive functioning manifested by *extreme* limitation of one or marked limitation of two of the four broad areas of mental functioning.") (emphasis added). The ALJ found that Plaintiff's adaptive functioning was only moderately limited, and that decision was supported by substantial evidence. Thus, Plaintiff has failed to show that the ALJ applied incorrect legal standards.

## VI.    Conclusion

Recognizing the applicable limited scope of judicial review of an ALJ's decision, the court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and the proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed. A separate order in accordance with this Memorandum of Decision will be entered.

**DONE** and **ORDERED** this June 26, 2026.

**R. DAVID PROCTOR**
SENIOR U.S. DISTRICT JUDGE